Next case we'll hear is United States v. Robinson, and Mr. Neihardt, whenever you're ready, we'll hear from you. Thank you, Your Honor. Good morning, Your Honors, and may it please the Court. I am Seth Neihardt, appointed counsel on behalf of the appellant, Steven LaRue Robinson. Mr. Robinson is challenging the procedural and substantive reasonableness of his sentence in this appeal. The first argument of Mr. Robinson with respect to the procedural reasonableness is simple. Once Mr. Robinson objected to the drug weight calculated by the pre-sentence report and the factual allegations which supported it, the government had the burden to establish the drug weight by a preponderance of the evidence. Because this Court, as well as the six and eight surrogates, have held that the pre-sentence report, once objected to, is not evidence, a district court needs to actually omit some evidence in order to rule the objection. Let me ask you a little bit about that proposition. Yes, Your Honor. Would you recognize it to be a different proposition that the pre-sentence report can't serve as evidence? But how about statements contained in the pre-sentence report where the probation officer interrogates a witness and says, I find the witness credible. I've used him before. He said he had three transactions with a defendant involving five grams each. And therefore, I'm going to consider those 15 grams as part of the sentence. Now, is that evidence? That can be considered by the district court. Your Honor, even when disputed. Your Honor, are you referring to a statement written in the pre-sentence report by the probation officer relating what I just said? Saying that the probation officer is personally interviewed? Yes. It's a hypothetical. Right. At that point, I would say that the probation officer should be called to testify. Well, you may think that, but is that the law? Well, there should be some ability of the defense counsel to cross-examine the statement. And if the probation officer says, I've interviewed somebody. Let me ask you this. You can start with an answer yes or no. The question is, is that evidence that may be considered by the district court in selecting a sentence? I would take the position no. Yeah, but there's no case law that supports you on that. Happens right and left, doesn't it? Matter of fact, the rules say you can consider hearsay. Right. The district court is forever adopting what the probation officer has, the facts that he's recounted in the PSR. Well, in my experience, and Your Honor's have a much broader experience, in district court, it's usually statements by case agents that have been collected by cases. So my hypothetical is the probation officer interviewed a witness and determined from that witness a drug amount. And my question is, can the district court, when sentencing the defendant, consider that drug amount as a fact? After it's been objected to. No, I've just said no. Whether it's objected to or not. It's not been objected to, yes. All right, now what's the objection do? The objection. As a matter of fact, what if the defendant puts on a witness and said, I was at that same transaction and there were no drugs transacted, we were just talking. Right. So now the district court has the statement made to the probation officer in the pre-sentence report, and he has the testimony of another witness at the transaction. All of that is evidence, isn't it? Which the district court can or may not accept. It's up to the district court then to determine the reliability of that evidence. So the answer is, yes, the district court may consider that evidence, but what weight it gives to it is up to the court. And the problem in this case is that your argument is that this evidence was so unreliable, based on information presented contesting the reliability of this reported witness, that no district judge should have been allowed to accept this as sufficient evidence. Isn't that your argument? That would be my argument had the court even taken the step under the hypothetical of Judge Niemeyer, which is not his case. I'm not going to go that far, because just to give you a little bit of a preview, your client in this case made some pretty good points, and stood and made some explanations as to why he thought Mr. Battles' testimony was unreliable and couldn't be used. I agree with that, Your Honor. All right. So then the question now is, is did the district court perform appropriately in finding these facts, finding the weight of the evidence to be against your client? And that, to me, is still open for argument. I mean, that's your argument. But I was trying to get some propositions that you were saying you just can't use a pre-sentence report as evidence, and I probably think that's so when a pre-sentence report just states a conclusion. But I'm positing the hypothetical when a pre-sentence report contains actual testimony or facts that were observed or found by the probation officer, and many, many pre-sentence reports have that. We know you can rely on hearsay in sentencing, so I just don't know where the foundation is. Well, the line I'm trying to draw with my argument, which I believe the Fourth Circuit has drawn, is that if there's just a bare assertion that there are statements given to someone and then the probation officer has them third hand, the appropriate thing to do under U.S. v. Solomon is to have those admitted in the evidence either through the probation officer or a case statement. But none of the actual statements that were relied on were admitted into evidence, and that was my foundational point. But probation officer, the statement that was written, what Solomon says, is a probation officer's determination to recommend application of a given guideline, standing alone, does not constitute a finding of fact. That isn't, don't you see that's not the same thing as the probation officer in Judge Niemeyer's hypothetical relating testimony or evidence supporting whatever conclusion he has. All you did was have a recommendation to apply something without anything else in Solomon. It was a calculation without any evidentiary basis given for it. Do you see how that's different? Well, I guess it depends on how we read it. So if we read it, it's different. I do, I would state that the conclusion of the probation report is an insufficient basis for a finding, that the evidence before the sensing judge supports the proposition of the fact asserted. Basic fairness requires that the evidence be identified and its reliability demonstrated. And that did not happen in this case. And I was quoting from the footnote at the footnote three in U.S. v. Solomon. Neihart, you seem to have conceded, perhaps now you can tell me otherwise, that plain error review applies in this case. And I'm wondering why. I just don't see that. You started off your argument with the notion that your client objected to the factual foundation of the evidence. Right. I didn't make an argument under plain error, but as I was reviewing in preparation, I do not concede that plain error is the appropriate standard of relief. Under U.S. v. Lynn, I believe that his objection would have covered the substantive as well as the procedural errors that followed. And that is my position. Did the district judge in this case make any factual findings? She did make, I believe, a summary factual finding with respect to the drug weight, and I'm not recalling off the top of my head if she made any subsidiary factual findings. I don't really understand much about the briefing in this case, and I particularly didn't understand the government's argument about invited or some, maybe the government didn't make this, but some argument on invited error. But it seemed to me that you weighed your right to challenge the drug quantity based on the battle testimony. I don't read the transcript as saying that at all. Well, wasn't there this back and forth between the defendant and the district judge, and the district judge saying, all right, you don't think this battle testimony is okay? If you don't want, if you say that, we'll just start all over. We'll have another sentencing hearing. And this happened a couple of times, and each time the defendant said, no, no, go ahead. Right, but. Isn't that waiving the argument? I mean, she gave him, she didn't say, I'm going to hold it against you. She didn't say. She said, do we continue or do we not continue? Right, do we continue this or not continue this? Do we continue and bring in all this other evidence or do we not? No, no, no, no, no. Or do we go forward on the evidence we have? We're going to go back to the beginning. She's going to schedule a new hearing. That's correct. And that was her, that was the choice she was giving him. Well, isn't that what he would want? He wants a new hearing. He wants to be able to cross examine that. No, he wants to challenge the facts of the battle drunk weight. Right. And he wants to do it that day, and that's what he chose. Okay, and he was entitled to do it. And she weighed what he said and she weighed what the battle evidence was, and she found it more credible. But he was given the opportunity to go back and put forth anything else he wanted to do about battle. If he didn't have the tools to challenge battle at that moment in a full and complete and persuasive way. Right. He elected to go ahead with what they had. And my point with respect to the evidence was that they didn't have evidence. Okay, so if they had evidence. If they had evidence. Then he's waived any argument that he was not entitled to get further evidence. That's correct. Okay. Okay. And that was not his argument, is my understanding. His choice was to go forward with whatever evidence there was to be presented that day. Right. And battle was the only evidence about drug quantity. And that was the evidence in. He didn't think it was sufficient. He put in. He said what he thought was. And she weighed it. That's assuming that what was in the pre-sentence report is evidence. And again, I go back. My contention is that that wasn't evidence and that they should have at least admitted the statement. Back where we started. Yes, Your Honor. It's too general a statement to say the pre-sentence report's evidence. You agreed with that. That if there's a statement in the pre-sentence report that are factual statements. That are not objected to. No, no, no. Whether they're objected to or not. That is still evidence if it's objected to, right? The objection has to be resolved. Well, I do know that in. There wasn't objected to anyway here. It was. He just countered. He said it's not true. He put on evidence and saying I didn't deal with battle. Right. And with respect to the PCP, I couldn't have dealt with him. Therefore, that shows he's not a credible man. And he said that this guy is just ratting on me because he wants a better deal. The objection was filed, I believe, by his attorney. I was in Florida. Right. The objection was filed by his lawyer and argued by him at the time. Yeah, but that's a different type of objection. It's not a. That objection basically puts to test the facts. Saying I want those facts found. Right? Right. Otherwise, the facts in the pre-sentence report will govern even without the necessity of finding the facts. Right. Well, again, I go. I go back to my. What's the guidelines say about that? Don't the guidelines address this specifically? Well, and you're an experienced criminal lawyer. You know the PSR facts are often the basis for the district court's opinion. In my experience, Your Honor, it's between two districts, the eastern district and the middle district. And in the middle district, if there's any factual objection, they always require the government and anybody to bring in the actual people who. Well, they may as a matter of discretion. But the question is whether or not that's necessary as a matter of law. And whether that's a fact. I mean, it seems to me your answer concedes that it is a fact. And we bring in people to rebut it. If it wasn't a fact, you wouldn't need to bring anybody in. Right? My position is once there's an objection, the slate is white clean and the government has a burden of establishing the drug lawyer. I'm looking at section 6A1.3, resolution of disputed factors. Policy statement. When a factor important to the sentencing determination is reasonably in dispute, the party shall be given an adequate opportunity to present information to the court regarding that factor. And that's what Judge Flanagan did in this case. Gave him the opportunity. In resolving any dispute concerning a factor important to sentencing, the court may consider relevant information without regard to its admissibility under the rules of evidence. Happen with trial. And it goes on to say it has to resolve the dispute. But it doesn't wipe the slate clean, does it? I mean, basically, there's a dispute that needs to be resolved. Right. And you agreed that in this case the district court found that weight against you, right? I do agree. I do concede that, Your Honor. All right. And against the objections that Mr. Robinson did make. Okay. My time's up. Yep. You have some rebuttal. Mr. Rogers? Good morning. May it please the court. My name is Joshua Rogers, and I represent the United States. For the first time on appeal, defendant complains about a course of action he repeatedly asked the court to take. That is, defendant came to the court and said we have a problem. And the problem is that Mr. Battle is incredible. He is a liar. And the district court gave him two options. I think he waived it. He kept insisting that the facts were wrong. He just wanted to go ahead. But he told Judge Flanagan even after she said do we go ahead or do we abandon, he said I prefer to go ahead. But then he said I still dispute those facts about Mr. Battle. Correct. But in the end. And you didn't address this in your brief at all. No. You talk about invited error. This isn't invited error. We would argue that it is invited error where the. It's not even error. Right. What's the error? Well, invited error doctrine addresses alleged errors. It doesn't necessarily mean that it is an actual error. What is the alleged error? The alleged error by the defendant as the district court moved forward with the evidence that it had. But the court asked the defendant should I. It cannot be error. I agree that there's no error. But is it an alleged error by the defendant? And we are arguing that you cannot allege error. The court was giving him an opportunity to put on evidence, further evidence. And he said, no, I'm resting with my dispute. I disputed. He explained why. He actually did a pretty good job, I thought. And the evidence from Mr. Battle is pretty thin. I mean, it's coming through a detective to the probation officer. And so it's mighty thin. He does explain in some detail why that facts are. But then you come up and assume that it's error. And your whole brief is devoted to invited error. Now, if we reject that, do we have to send the case back? No, Your Honor. And we are not arguing that the district court erred. What we're arguing is the defendant is alleging error, but he invited the error he alleges if there was any error at all. But, see, you don't really, as a matter of practice, you never get in your normal run-of-the-mill case, you don't start out with an invited error argument if you think there's no error. And that's why it's kind of throwing us off. You seem to spend a lot of time, indeed that's your first and primary argument, about invited error. That would suggest that the government thinks there is an error. Because you don't, I mean, have you written other briefs? I bet you don't start everyone off with invited error. We don't. And thank you for the feedback. We appreciate that. What we would say is that regardless of the invited error argument, the district court had enough evidence to support its findings. Do you make that argument? We do not. But this court can affirm on any basis in the record and the evidence that's in there. We have to now evaluate the evidence and decide, without the support of your brief and cases, that this was resolved appropriately. And the evidence that is available is in the PSR and in the United States proper. Now, with regard to the PSR, the findings in the PSR indicate that the defendant dealt drugs with battle multiple times over several years. And the defendant is confused when he argues that the PSR isn't evidence. Of course it is evidence under Love, Terry, Bolden, any series of cases. Well, that's the error he alleges, that the court considered the PSR after he disputed it. And you come and say, well, that was invited error. He never invited the court to use that PSR. As a matter of fact, he denied it continuously. Well, and Judge Flanagan actually asked him at the end, make a decision. Do you want me to go forward with the information I have in front of me, that would be the PSR, or do you want to start the whole process over? And defendant said, I want to move forward. He is essentially saying, I am comfortable with you using what you have in front of you. Well, maybe that's a waiver, but it's not invited error. He never invited her to look at this and to credit this evidence. Again, we would say I do appreciate the court's response to our invited error. I'm not sure you do. Right. Well, I do. I read that as sarcasm. I don't. I am not being sarcastic. I genuinely appreciate the feedback. But what I'm saying is, aside from the invited error. What other argument do you make in your brief other than invited error? Our primary argument in the brief is invited error. Do you make any other argument? Aside from that, we. Basically say his sentence was reasonable. That's it. That's correct. Again, I would note that this court can affirm on any basis that it can find in the record, and there's plenty in the record, first of all, with the PSR. Defendant argued two things. Number one, I did not sell PCP to Mr. Battle because I was in culinary school. And number two. He did that in order to show that Mr. Battle was incredible. That's correct. But that's not the problem. The problem he had is I never dealt with Battle on cocaine. Which the second argument he made was just a general objection. Mr. Battle is lying. And that's where the case falls apart. The PCP didn't even contribute to the drug weight. So which just left, in terms of an objection to the crack cocaine weight, nothing more than a blanket denial, which under Love, a defendant's mere objection didn't bring anything in dispute. The court at that point was free to adopt the findings of the PSR. And even if this court were to find that that was some legitimate dispute, the court still could have adopted the findings of the PSR as long as it resolved the issue. Did the court resolve the issues in this case? It did. Factual issue? Yes, sir. And where is that? At 143 and 144 of the JA, the court specifically determines that this is the appropriate drug weight based on her credibility resolution with regard to the statement of Mr. Battle. And the defendant is also confused. He relies very heavily on Solomon. Solomon just simply says if there's an objection to the PSR, the district court has to make specific findings of its own or adopt the findings of the probation officer, which is exactly what it did. What it can't do is it adopt a bare bones recommendation. The district court did not do that. So with regard to the PSR, there was plenty of evidence to support a defendant's drug weight in the PSR. Could there have been more? Certainly. I think plenty is a bit of an overstatement, particularly given the problems of this witness with respect to other information he provided. Then perhaps it would be better to say there was sufficient evidence on the basis of Fourth Circuit law. Now, do you say that plain error review applies to this particular issue? I would argue that it does apply, again, but this goes back to what we were saying before. was arguing he objected to the total drug accountability and he objected to battles credibility. Now he's arguing that the court erred in relying on the PSR, but he's the one who encouraged the court to move forward with that evidence when Judge Flanagan specifically asked him. Okay, but with respect to his objections as to the sufficiency of the evidence in the PSR, you agree that he properly preserved those objections? Yes, Your Honor. Okay. With regard to the proffer, the defendant also argues that that's not evidence, but that actually operates very similarly to a PSR. This court, for example, in Emmanuelle, held that a defendant can't just throw out a blanket objection, which is, again, what he did. And I think it's important when you – I think he did more. I think he made an objection. And I think if the court not made a finding, we would have to require one. And the finding is a little obtuse, but the court does seem to refer to the drug weight in the pre-sentence report and relies on the pre-sentence report. But this man did state that the PCP wasn't – he said he acknowledged he dealt with other people. He says, I've never dealt with battle. He says battle was just looking after himself. And there might have even been some overlap on the cocaine transactions that he might have denied. But he was pretty adamant about it, and he wanted to go forward. So he wanted to preserve that fight on the evidence. Now, I don't think he's saying go ahead with the pre-sentence report. He says, I want to go ahead with sentencing. Well, and the reason why he did so And the reason why the whole tenor of the sentencing hearing changes, particularly when the United States brings up Ballard and Jones, is because Ballard and Jones did not exist in a vacuum, and they don't in terms of the record either. Those two names rang a bell for everybody. Ballard and Jones, the United States had filed a motion to consolidate his case with those because he had dealt drugs along with Ballard and Jones. And at the change of plea hearing, Ballard and Jones had pleaded guilty two weeks before in front of Judge Flanagan. And Ballard and Jones provided statements. They were ready to testify. And we turned over those statements after they gave them to us just before trial. We turned them over the Tuesday, Wednesday, and Thursday before trial and on the defendant's first day of trial after receiving those statements. He said, I need more time to prepare after getting those statements, and the court declined to do that. And the defendant said, well, in that case, I'm pleading guilty. So when the United States in that sentencing hearing stood up and said, Your Honor, let's just be clear. Ballard and Jones' statements are out there. For whatever reason, they didn't make it into the PSR. But defendant, if he wants to start this whole thing over, he knows he's got plenty of drug weight coming to him. Defendant was wise. He had attention. He wanted to attack Ballard. But at the same time, he did not want to continue the hearing because that would potentially involve getting Ballard and Jones involved in the PSR. Is your argument that that's a sufficient proffer for the district court judge to consider, the fact that these statements were out there somewhere? I think it was a sufficient proffer that the United States made in the hearing. But statements just out there, I would say, no, that's not. In fact, the district court didn't rely on that. It simply relied on the evidence in the PSR. And the proffer was not intended to back up Battles' weight. It was simply intended to back up the idea that this is, in fact, a drug dealer who deals in significant amounts. This is not just some isolated individual. Your suggestion is that his decision to go forward was a well-considered decision in the sense that he was avoiding more drug weight and he was trying to attack what was there. Absolutely. Smart decision. So the defendant invited the district court to move forward to his advantage, and it was a shrewd move on his part. But even if this court declines to follow the United States argument of invited error, and I understand that it's not going to, then there was enough evidence in the PSR and with the proffer to support the idea that the defendant was not just dealing with Battle, but in fact there was more going on and that the court could trust what Battle had said. In fact, I would argue that the fact that the defendant was saying, let's just move on, I don't want to do this. He challenges someone's credibility, but his credibility is on the line at that point. And the defendant is saying, I don't want to get anybody else in here, I think speaks volumes to a court. It's not as if the court didn't notice that the defendant didn't want to. It sounds more like a waiver. Thank you, Judge Motz. Than invited error, anyway. And I appreciate the court's feedback again on that. I genuinely do. He is essentially, though, just asking this court to take on the role of the district court. Because if this is evidence, and it's evidence, then all the defendant is really saying is that the district court erred in making its credibility determination. And this is an appropriate place for a court. See, it's a weird thing to make a credibility determination on the basis of somebody who's not there to be judging their credibility. It just is weird. It may be weird. She also says reliable. She doesn't just say credible, but she says the PSR is reliable. It may be weird, but it is legal. Well, it's legal to rely on it. I don't know about saying it's credible, but anyway. Well, what the defendant is essentially asking this panel to do is to take the PSR and determine whether the district court made the right decision in relying upon it. And this is not the appropriate forum for that. We do want to acknowledge that with regard to the defendant's criminal history, the reasoning from our brief is not correct, but the result is the same. The defendant's marijuana possession conviction was not relevant conduct. It was an unspecified quantity of marijuana. It was not crack cocaine. It didn't contribute to his weight at all. It wasn't an act that was a part of the same course of conduct, and therefore. . . Probably wasn't even guilty. I know he was found guilty. He borrowed the car, right? I'm sorry, what? He borrowed the car for the day. He was up in Massachusetts or something. I believe it was Maryland. And when they searched the car, they found something he didn't even know was there. I can't speak to it. I mean, I honestly don't know the ins and outs of the facts of his conviction, but whether or not he actually had the marijuana, I don't know.  It was in the car. There was some in the car. But he had borrowed the car that day and was just going somewhere or something. I don't. . . He was convicted. He was convicted, and that's the most important thing. And it was appropriate to use the defendant's one day of probation to raise his criminal history score. It happened within the time frame of his conspiracy for crack cocaine distribution, and therefore the court had no choice but, under Gall, to correctly calculate the sentencing guidelines, whether or not it seemed unfair, to add two more points to his criminal history score for a defendant having one day of probation. Unless the court has any further questions, I would ask that it affirm the district court, and I'll take my seat. Thank you, Mr. Rogers. Mr. Neihardt. Thank you, Your Honor. With respect to whether or not this was error of my foundational position, I do find support from that in U.S. v. McQueen, which was cited by U.S. v. Solomon. That's a Sixth Circuit case? That's a Sixth Circuit case. In a contested case, the position of the probation officer on a material matter should not be treated as evidence admitted in the case unless the probation officer takes the stand and offers testimony which may be cross-examined. So there is some support, I believe, from my position. Whether this court accepts it or not is ultimately up to the court. And also the citation from the Earhart case, the Eighth Circuit case, which I have in my reply brief. If I may briefly, and probably presumably, speak with respect to the remedy, if we do have a remedy, I handed up this morning a U.S. v. Parker, a Fourth Circuit case, 30F3-542-1944, for the proposition that one bite at the apple is enough, and that the record, the case should be cited on this record. Well, that's if the evidence is insufficient. The government doesn't get another shot at making it sufficient. But that assumes that the government had no evidence here. Well, the government had a fair and full opportunity to put on whatever evidence they were going to do. And it rested on the evidence it put in. Yes. And I just would ask that any mandate would reflect that fact. That's if it was insufficient. Now, if the directions, I think, both under Federal Criminal Rule 32 and the sentencing guidelines, is if a dispute is created, then the court must resolve the dispute. Right. And do you agree the court resolved the dispute in this case? Incorrectly, but yes, there was a resolution. I understand that. I understand that position. And that's arguable. Yes. So the evidence, whatever it is in the record, is the evidence the government has waived any objection to the present report and did not file a motion to continue to put in more evidence. So we contend that the evidence is fixed at this point. But you didn't either. You do understand that, right? You and your client had the choice about whether he wanted to continue the proceedings. Yes. And he chose not to. That's correct. So you're right. The evidence is fixed. For good or for bad for either party. Right. Finally, with respect to the second procedural error, I did want to emphasize the criminal history category issue, which I hope was not overlooked. And here, Mr. Robinson received two points for in the middle of the alleged North Carolina conspiracy. He goes up to take care of a charge in Maryland. He drives up in the morning, shows, you know, early in the morning, shows up in court, gets a one-day unsupervised probation, stays overnight that night, the day's over, he drives back to North Carolina. Our position is it's impossible for any relevant conduct for a North Carolina crack conspiracy to have happened during that time period. And the judge... Well, he didn't transact during that day. Right. He was in Maryland that whole time, right? Exactly. Well, what if he had been going on for six months before that in a crack distribution operation, during which he sold crack cocaine only once a week? The supervised release, the two points are added for... Are you answering my question? I guess my answer is that it doesn't matter as long as... Sure, if it's during the course of a conspiracy, you add the points. If the conspiracy preceded and continued... Preceded the marijuana conviction. And continued right through it up to the present, which is the government's position. Right. Then he was convicted of marijuana during the course of the conspiracy. He was, but the requirement under the guideline is that the actual relevant conduct, his relevant conduct has to occur during the time... It's a relevant conduct issue. This was an enhancement for having committed a crime during the course of the present crime, right? What was the enhancement? I might have to make a defense while on probation. Yeah. While on probation. While on probation. Right. So there's no... He didn't actually engage in any relevant conduct during that one day of probation. The government just conceded it's not a relevant conduct issue. It's an issue of whether he committed a crime while on probation. I think we agree with you. It's pretty harsh. Right. He did commit the crime. He's convicted. He was on probation. Okay. Well, I did cite the provisional guideline range I'm relying on in that respect. And specifically, it doesn't talk about anything other than relevant conduct. It's not, did he commit the instant offense, any part of the instant offense. And my argument is that he couldn't have committed any part of it during that time period. That one day while he was up in Maryland. He did not and could not have... Did he go off probation that day? Yes. It was just show up, slap on the wrist one day, unsupervised release probation that day, then it's over. Was he on probation when he drove to Maryland? No. He drove up to Maryland, got on probation, stayed in Maryland overnight. His probation was over and drove back down to North Carolina. And that's the facts alleged. And the judge answered it on a legal, which would be a Danova review. She said legally, that's the way the guidelines work. Where are these facts set forth? He does set the forth in the sentencing hearing. Is it in the pre-sentence report? It's not in, well the conviction is referred to in the pre-sentence report. His actual activity of driving up for it and showing up that day is in the transcript of the sentencing hearing. Let me, I think I'm a little confused. Let me ask you precisely what the enhancement was for that you're addressing? It was for committing any part of the instant offense while under any criminal justice sentence. And the offense was a conspiracy charge. It would expand the breadth of this from January 2002 until May 2011. He was on probation. He was on probation August of 2003. That's within that time period. That's, again, that's an absurd result, but that seems to be appropriate. But the note, U.S. Sentencing Guidelines 4A1.1, note 4 states specifically, two points are added if the defendant committed any part of the instant offense, i.e., any relevant conduct while under any criminal justice sentence. Well, if he's in a conspiracy from 2002 up until his arrest for trafficking in crack, right, he's participating in the conspiracy during that entire time. Then he goes up to Maryland and gets a probation offense. And doesn't engage in any relevant conduct during that one day. No, it's a separate conduct, but it's while he's in this conspiracy in North Carolina, he goes up to Maryland and he gets probation, right? Well, I would argue that note 4 narrows the instant offense to actually having to be engaged in any relevant conduct. So if he were to make a phone call and giving somebody direction on where a next shipment would be made, then the enhancement would apply. But if he was not engaged in any relevant conduct whatsoever, that one day in a completely different state, my contention is that it is error to have applied that enhancement. Okay. We'll look at that. Thank you, Your Honor. I'm okay. All right. We'll come down and brief counsel and then proceed on to the last case.
judges: Paul V. Niemeyer, Diana Gribbon Motz, Albert Diaz